**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-20940-BLOOM**

DAMASE CAMERON,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

<u>**ORDER ON MOTION TO 28 U.S.C. § 2255 MOTION**</u>

**THIS CAUSE** is before the Court upon Movant Damase Cameron's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. [1], and supporting Memorandum of Law, ECF No. [1-1] ("Motion"). Respondent filed a Response to the Motion, ECF No. [6] ("Response"), with supporting exhibits, ECF Nos. [6-1, 6-2]. Movant filed a Reply, ECF No. [7] ("Reply").

The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I. BACKGROUND**

Petitioner, who is presently incarcerated at Coleman Medium Correctional Institution, asks the Court to vacate, set aside, or correct his sentence in Case No. 14-cr-20206. *See generally* ECF Nos. [1, 1-1]. The Court construes Petitioner's Amended Motion liberally due to his *pro se* status. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

***The Offense Conduct and Plea.*** On April 1, 2014, Movant was charged by Indictment with one count of conspiracy to possess with intent to distribute more than 500 grams of cocaine, more than 28 grams of cocaine base, methylone, and marijuana, in violation of 21 U.S.C. § 846 (Count 1); one count of conspiracy to possess or carry a firearm during or in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (Count 2); one count of possession or carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3); and one count of possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 4). CR-ECF No. [3].[1]

On November 7, 2014, Movant pled guilty to Counts 1 and 3 of the Indictment pursuant to a written plea agreement and stipulated factual proffer. CR-ECF Nos. [247], [248]. During the change of plea hearing, the Court advised Movant that the statutory maximum sentence he faced on Count 1 was 40 years' imprisonment and the statutory maximum on Count 3 was life imprisonment. CR-ECF No. [342] at 12-14. Movant stated that he understood the maximum penalties he faced as to each count. CR-ECF No. [342] at 12-13.

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSI"). CR-ECF No. [283]. The PSI found that Movant met the criteria to be a career offender pursuant to United States Sentencing Commission, Guidelines Manual ("U.S.S.G.") § 4B1.1. CR-ECF No. [283] ¶ 50. The PSI found that Movant had prior convictions for a controlled substance offense and crime of violence. CR-ECF No. [283] ¶ 50. Specifically, the PSI found that Movant was convicted in 2005 in Florida state court of battery on law enforcement officer and resisting officer with violence. CR-ECF No. [283] ¶ 50. He was also convicted in 2006 in Florida state court of possession with intent to sell or deliver cocaine and

---

[1] References to docket entries in Movant's criminal case, No. 14-cr-20206, are denoted as "CR-ECF No."

cannabis. CR-ECF No. [283] ¶ 50. Based on a total offense level of 31 and a criminal history category of VI, Movant's advisory guideline range as to Count 1 was 188-235 months' imprisonment, and the advisory guideline for Count 3 was 262-327 months' imprisonment. CR-ECF No. [283] ¶ 108. Movant filed objections to the PSI, including his designation as a career offender. *See* CR-ECF No. [316].

At sentencing on January 30, 2015, Movant conceded that his 2005 conviction had not been overturned or vacated and it would therefore count as a crime of violence under U.S.S.G. § 4B1.1. CR-ECF No. [343] at 6. After hearing arguments from both parties and considering factors under 18 U.S.C. § 3553(a), the Court sentenced Movant to 202 months of imprisonment as to Count 1 and 60 months of imprisonment as to Count 3, to run consecutively. *See* CR-ECF No. [343] at 36–41; CR-ECF No. [324].

***Appeal and Post-Conviction Proceedings.*** Movant filed an appeal of his sentence, arguing that the Court failed to advise Movant during the change of plea hearing that he could be sentenced as a career offender under the sentencing guidelines. CR-ECF No. [361]. The Eleventh Circuit Court of Appeals affirmed the conviction and sentence. CR-ECF No. [361].

On June 24, 2016, Movant filed his first *pro se* Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, in Case Number 16-CV-22740-Bloom. CR-ECF No. [366].[2] The Office of the Federal Public Defender was appointed to represent Movant, and counsel filed an Amended Motion asserting that Movant's 2005 conviction for battery on a law enforcement officer and resisting an officer with violence no longer qualified as crimes of violence after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015). 2016-ECF

---

[2] References to docket entries in 16-cv-22740, the civil case for Movant's first § 2255, are denoted as "2016-ECF No."

No. [13]. On November 18, 2016, counsel filed an unopposed motion to hold the § 2255 in abeyance pending the Supreme Court decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). 2016-ECF No. [14]. On March 30, 2017, counsel for Movant filed a notice of voluntary dismissal and the Court thereafter issued an order dismissing the case without prejudice. 2016-ECF Nos. [20, 21].

On March 28, 2022, Movant filed the instant § 2255 Motion, arguing that his prior convictions no longer qualify as a crime of violence and controlled substance offense. ECF Nos. [1, 1-1, 7]. Movant argues that the holding in *Borden v. United States* disqualifies those prior convictions because they could have been committed "recklessly." 141 S. Ct. 1817 (2021); ECF Nos. [1, 1-1, 7]. Respondent filed a Response and supporting exhibits. ECF Nos. [6, 6-1, 6-2]. Movant filed a Reply. ECF No. [7].

## II. LEGAL STANDARD

*Section 2255 Motions*. "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a) (alteration added). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under § 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982). A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011) (citation omitted). "[R]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned,

result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)).

### III. DISCUSSION

Liberally construing the Amended Motion, Movant raises one claim—that, after the Supreme Court's decision in *Borden v. United States*, his sentence is unconstitutional because his prior convictions no longer qualify as predicates under the career criminal sentencing guidelines enhancement. ECF Nos. [1-1] at 7. Respondent raises three arguments in response: (1) the Motion is not timely filed; (2) the Motion is procedurally barred because Movant did not raise this claim on direct appeal; and (3) the Motion fails on the merits. *See generally* ECF No. [6].

The Court analyzes Movant's claim and response and further considers whether the Court has jurisdiction to hear the Motion. Ultimately, the Court finds the Motion is timely, but Movant is procedurally barred from raising Claim 1. Further, the Court lacks jurisdiction because Movant's claimed error is not cognizable in a § 2255 motion. In any event, the Motion fails on the merits. For these reasons, the Motion is denied.

### A. Claim One

Movant claims that he is "actually innocent of his career offender status, based on *Borden v. United States*, 141 S. Ct. 1817 (2021)." ECF No. [1-1] at 7. The Supreme Court held in *Borden* that a crime that requires only a *mens rea* of recklessness cannot qualify as a "violent felony" under the "elements clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e). 141 S. Ct. at 1821. Movant claims that *Borden* compels the Court to sentence him anew without the career offender enhancement because his prior felony convictions could have been committed with a *mens rea* of recklessness. ECF No. [1-1] at 7–8.

Specifically, Movant claims that his 2006 conviction for possession of cocaine and cannabis with intent to sell does not qualify as a "controlled substance offense" under U.S.S.G.

§ 4B1.1 because the Florida statute[3]  he was convicted under did not require as a *mens rea* element that the Defendant knew the illicit nature of the controlled substance. ECF No. [1-1] at 7. Movant argues that his 2005 convictions for battery on a law enforcement officer and resisting arrest with violence no longer qualify as "crimes of violence" under the career offender sentencing enhancement because the statutes can be violated with a *mens rea* of recklessness.[4]

### 1. *Motion is Timely*

Respondent's first argument is that the Motion is due to be dismissed for not being timely. ECF No. [6] at 4-6. The Antiterrorism and Effective Death Penalty Act ("AEDPA") "imposes a one-year statute of limitations for filing a § 2255 motion." *Outtler v. United States*, 485 F.3d 1273, 1278 (11th Cir. 2007). The one-year statute of limitations begins to run from the latest of the following trigger dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

---

[3]  Fla. Stat. § 893.13(1)(A).

[4]  Fla. Stat. § 784.07(2)(B) (battery on a law enforcement officer); Fla. Stat. § 843.01 (resisting arrest with violence).

28 U.S.C. § 2255(f). In this case, Movant and Respondent disagree about which of the above trigger dates for § 2255's statute of limitations applies. Respondent asserts that § 2255(f)(1) provides the latest date, ECF No. [6] at 5, while Movant argues that § 2255(f)(3) provides the latest date, ECF No. [1-1] at 8.

The Court first considers (f)(1) as the trigger date, or one-year from the date that Movant's conviction became final. For federal criminal defendants who do not file a petition for certiorari, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). The deadline to file a petition for certiorari is 90 days from the entry of the Court of Appeals' judgment. *Id.* The Eleventh Circuit entered judgment affirming the Movant's conviction on September 17, 2015. CR-ECF No. [361]. Thus, Movant's conviction became final on December 16, 2015, which is 90 days after September 17. To comply with the one-year statute of limitations, the Movant had to file on or before December 15, 2016. He did not. Movant filed his Motion on March 29, 2022. ECF No. [1]. Using the trigger date in § 2255(f)(1), Movant's Motion is not timely because he filed it more than one year after his conviction became final.

Movant contends that § 2255 (f)(3) provides the applicable trigger date: "Movant is pursuing his *Borden* claim based on a substantial change in the law [under] 28 U.S. § 2255(f)(3)." ECF No. [1-1] at 8. Under (f)(3), a motion is timely if filed within one year of the recognition of the new right. Because *Borden* was decided on June 10, 2021, Movant's Motion would be timely if *Borden* "newly recognized" a right and "made [it] retroactively applicable to cases on collateral review." 28 U.S.C.A. § 2255(f)(3).

"The normal framework for determining whether a new rule applies to cases on collateral review stems from the plurality opinion in *Teague v. Lane*, 489 U.S. 288 (1989)." *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016). The general rule under *Teague* is that "new constitutional

rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Id.* However, two categories of decisions fall outside the general bar on retroactivity. *Id.* First, "[n]ew *substantive* rules generally apply retroactively." *Schiro v. Summerlin*, 524 U.S. 348, 351 (2004). "Second, new 'watershed rules of criminal procedure,' . . . 'implicating the fundamental fairness and accuracy of the criminal proceeding,' will also have retroactive effect." *Welch*, 136 S. Ct. at 1264 (quoting *Saffle v. Parks*, 494 U.S. 484, 495 (1990)). Movant does not argue the second exception applies, and no court has found that *Borden* recognized a new "watershed rule" of criminal procedure. *Id.*

To determine whether the Motion is timely filed, the Court must determine whether *Borden* announced a new substantive rule. Respondent offers two reasons why (f)(3) does not apply. *See* ECF No. [6] at 5. Respondent asserts *Borden*'s holding is limited to what classifies as violent felonies under the elements clause of the ACCA and did not touch on what constitutes a "crime of violence" or "controlled substance offense" under U.S.S.G. § 4B1.1. ECF No. [6] at 5. Respondent argues that distinction is important because the ACCA is binding and fixes minimum sentences in a way the Sentencing Guidelines do not. *See* ECF No. [6] at 5; U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence"); *Rita v. United States*, 551 U.S. 338, 351 (2007) (holding "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply); *Spencer v. United States*, 773 F.3d 1132, 1141-42 (11th Cir. 2014) (holding "[t]he greater impact of one enhancement versus the lesser impact of another enhancement is immaterial because, in either scenario, the sentence will be within the statutory limits imposed by Congress.").

Respondent's arguments are misplaced. While it is correct that the sentencing guidelines do not fix minimum sentences, the sentencing guidelines were not at issue in *Borden*. The issue is

whether *Borden* created a new substantive rule applicable to cases on collateral review. 28 U.S.C.A. § 2255(f)(3). The fact that *Borden* considered the ACCA and the Movant was found to be a career offender under the guidelines will be addressed later.

The Court finds that *Borden* did create a substantive rule applicable on collateral review. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Welch*, 136 S. Ct. at 1264-65 (quoting *Schiro*, 524 U.S. at 353.) By changing the *mens rea* necessary to be subjected to the minimum punishment under the ACCA, *Borden* altered the range of conduct punishable by law. *Id. Borden* held that criminal offenses with a *mens rea* of recklessness did not qualify as "violet felon[ies]" to enhance a defendant's sentence under the ACCA. 141 S. Ct. 1821–22.

*Borden* announced a substantive rule by restricting the type of conduct punished in the ACCA. In *Johnson*, the Supreme Court held it was unconstitutional to subject a defendant to the ACCA's mandatory minimum sentence based only on a predicate offense of being a "violent felony" based on ACCA's "residual clause." 576 U.S. at 606. The residual clause defined a "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Relevant here, *Johnson* was later held to announce a new substantive rule because it "changed the substantive reach of the [ACCA], altering 'the range of conduct or the class of persons that the [Act] punishes." *Welch*, 136 S. Ct. at 1265 (quoting *Schiro*, 524 U.S. at 353). Just as *Johnson* narrowed the scope of violent felonies by eliminating the ACCA's "residual clause." *Borden* narrowed the substantive reach of the ACCA by limiting what predicate crimes constituted "crimes of violence" under the "elements" clause. *Borden*, 141 S. Ct. at 1822.

The Eleventh Circuit has not yet ruled whether *Borden* announced a new substantive criminal rule for purposes of restarting prisoners' statute of limitations. The Circuit *has* found that

*Borden*'s holding is not a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" for purposes of authorizing prisoners to obtain leave to file second or successive § 2255 motions under § 2255(h)(2). *In re Reaves*, No. 22-11925-F, 2022 WL 2952475, at *2 (11th Cir. 2022). In *Reaves*, the Eleventh Circuit noted that "*Borden* was a new interpretation of a criminal statute, not a new rule of constitutional law" and a "new interpretation of a criminal statute is not a new rule of constitutional law sufficient to grant authorization to file a successive collateral attack." *Id. See also In re Willix*, No. 22-11985-E, 2022 WL 2951944, at *1 (11th Cir. 2022) (citing *In re Blackshire*, 98 F.3d 1293, 1294 (11th Cir. 1996)).

However, *Reaves* and *Willix* do not foreclose Movant's argument that *Borden* announced a new substantive rule under which the statute of limitations to file a § 2255 under (f)(3) is extended. *Reaves* and *Willix* interpreted § 2255(h)(2), which is distinct from (f)(3) in two ways. First, whereas (h)(2) applies only to new rules of "constitutional law," (f)(3) applies more broadly to new "substantive" rules of law, even if they are not constitutional. *Compare In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif v. United States*, 139 S.Ct. 2191 (2019) cannot serve as the basis for a successive motion under § 2255(h)(2) because *Rehaif* concerned a statutory, not constitutional, rule), *with Seabrooks v. United States*, 32 F.4th 1375, 1385 (11th Cir. 2022) (holding that *Rehaif* applies retroactively as a substantive rule of criminal procedure to overcome a procedural bar). The second distinction between (f)(3) and (h)(2) is that, while the latter requires the Supreme Court to determine retroactivity, "a court other than the Supreme Court may determine retroactivity under § 2255(f)(3)." *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207 (11th Cir. 2012) (citation omitted). The Tenth Circuit determined that *Borden* is a substantive decision for purposes of collateral retroactivity. *United States v. Toki*, 23 F.4th 1277, 1281 (10th Cir. 2022) (noting "*Borden* is properly understood as establishing a substantive rule because it interpreted the language of the ACCA's elements clause . . . ."); *cf United States v.*

*Barnes*, 855 F. App'x 893, 894 (4th Cir. 2021) (holding that *Borden* constituted grounds to issue

a certificate of appealability, which is reserved for situations where there is "a substantial showing

of the denial of a constitutional right") (citing 28 U.S.C. § 2253(c)(1)(B)).

The decision in *Borden* changed the reach of the ACCA and, accordingly, announced a

substantive rule. Because Movant filed within one year of *Borden*, his Motion is timely.

### 2. *Motion is Procedurally Defaulted*

Respondent claims Movant procedurally defaulted Claim 1 by failing to raise it on appeal.

ECF No. [6]. "Under the procedural default rule, a defendant generally must advance an available

challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from

presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th

Cir. 2004). A claim that is not raised on direct appeal is procedurally defaulted. *Murray v. Carrier*,

477 U.S. 478, 490 (1986).

The Court agrees that Movant procedurally defaulted his actual innocence claim because

he did not raise it on appeal. The only issue that Movant raised on appeal was that the Court erred

in failing to inform him prior to entering his guilty plea that he might be sentenced as a career

offender. *See* CR-ECF No. [361]. Movant's actual innocence claim can survive being denied for

procedural default if either of two exceptions applies. *See Lynn*, 365 F.3d at 1234. Under the first,

"cause and prejudice," a defendant must show cause for not raising the claim on direct appeal and

actual prejudice from the alleged error. *Id.* (citation omitted). Under the second exception, the

defendant must show a "miscarriage of justice, or actual innocence." *McKay v. United States*, 657

F.3d 1190, 1196 (11th Cir. 2001). Movant does claim actual innocence. *See generally* ECF Nos.

[1, 1-1, 7]. This argument is considered, and rejected, in sub-section 3 *infra*.

Movant does not allege cause and prejudice. However, given that Movant's appeal

concluded in September 2015 and *Borden* was decided in 2021, it could be argued that his present

claim that crimes with a *mens rea* of recklessness cannot be crimes of violence under U.S.S.G. § 4B1.1 was too novel to raise on appeal. To qualify as "cause" for procedural default, "the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all." *Lynn*, 365 F.3d at 1235. Cause is reserved for arguments that are "so novel that its legal basis is not reasonably available to counsel." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)).

The Court finds that Movant's present attack on the *mens rea* required to constitute a "crime of violence" is not "so novel" an argument that it was "not reasonably available" to Movant at the time of his appeal. *Bousley*, 523 U.S. at 622. As stated by Respondent in its Response, "the tools necessary to construct the reckless argument that ultimately carried the day in *Borden* existed long before the decision." ECF-CR No. [6] at 7. For instance, in *Begay v. United States*, decided seven years before his appeal, the Supreme Court held that New Mexico's driving under the influence statute did not require "purposeful, 'violent,' and 'aggressive' conduct" and therefore a conviction under that statute was not a "violent felony" under the ACCA's residual clause. 553 U.S. 137, 144–45 (2008). In *Spencer v. United States*, decided one year before his appeal, the Eleventh Circuit rejected a § 2255 motion based on *Begay* supposedly rendering one of movants' predicates no longer a "crime of violence" under U.S.S.G. § 4B1.1. 773 F.3d 1132, 1144 (11th Cir. 2014).

Courts also were determining whether the sentencing guidelines could be challenged as unconstitutionally vague. *Beckles v. United States*, 580 U.S. 256, 265 (2017) (holding that the sentencing guidelines were not subject to a void for vagueness challenge); *United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015) (rejecting a challenge to the residual clause of U.S.S.G.'s career criminal enhancement).

At the time of Movant's conviction and appeal, there were cases reasonably available to the defense that some convictions did not fit within the "crime of violence" predicate under § 4B1.1. Therefore, the Court finds that Movant has not demonstrated cause to excuse his procedural default. Claim 1 is accordingly denied.

### 3. *Motion Fails to Make a Cognizable Claim*

Even if Claim 1 was not procedurally barred, the Court lacks jurisdiction to hear it because it is not cognizable under § 2255. *See Spencer*, 773 F.3d at 1140. "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Id.* at 1138. District courts do not have jurisdiction to hear collateral claims "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185–86 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). There are only three circumstances in which a complete miscarriage of justice occurs: (1) the movant's sentence exceeds the statutory maximum, (2) a prior conviction that was used to enhance the movant's sentence has been vacated, or (3) the movant demonstrates his or her actual innocence. *Spencer*, 773 F.3d at 1139.

Movant has not shown he fits in any of the three "miscarriage of justice" situations. *Hill*, 368 U.S. at 428. First, Movant's 262-month sentence (202 months as to Count 1 and 60 months as to Count 3, running consecutively) sentence is below the statutory maximum, which is 40 years as to Count 1 alone. *See* 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 924(c)(1)(A)(ii). Second, Movant does not allege that a prior conviction used to enhance his sentence was vacated. Third, as described below, the Movant has not alleged actual innocence of the crimes.

Movant claims that he "is actually innocent of his career offender status, based on [*Borden*] . . . ." ECF No. [1-1] at 7. To demonstrate actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt'

in light of the new evidence of innocence." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Movant does not argue that he is actually innocent of any crime. His argument is one of legal sufficiency—that he is not eligible for the career criminal enhancement because his 2006 possession of cocaine with intent to sell conviction and 2005 battery on law enforcement and resisting arrest with violence conviction cannot be used as a predicate "controlled drug offense" or "crime of violence" for purposes of the career criminal enhancement. ECF No. [1-1] at 7 (citing *Borden*, 141 S. Ct. at 1829). *See Bousley*, 523 U.S. at 623 (holding "'actual innocence' means factual innocence, not mere legal insufficiency.").

Claim 1 does not state an injury cognizable under § 2255 because Movant's argument is one of legal insufficiency and does not assert factual innocence. In *Spencer*, the Eleventh Circuit considered a similar argument. The prisoner's sentence in that case had been enhanced under the ACCA based on his prior conviction for felony child abuse. *Spencer*, 773 F.3d at 1136.   After the Supreme Court issued its ruling in *Begay* narrowing the definition of "violent felony" the prisoner filed a § 2255 motion to be resentenced without the career offender enhancement. *Id.* at 1137. The court rejected the prisoner's argument as asserting "legal innocence" and explained that "[i]f we were to conclude that felony child abuse was not a 'crime of violence,' that legal conclusion would not negate the fact that [movant] committed a serious crime." *Id.* at 1143.

The same conclusion applies here. Movant does not deny protecting drug sellers and a drug stash by carrying firearms and bringing firearms to the stash house, which is the factual basis for his guilty plea. *See* CR-ECF No. [342] at 19. Because Movant does not make a claim of actual innocence, he does not allege a "fundamental defect" cognizable on collateral review. *Spencer*, 773 F.3d at 1136; *Hill*, 368 U.S. at 428. The Court therefore lacks jurisdiction to consider Claim 1. Claim 1 is therefore denied.

### 4. *Motion Fails on the Merits*

Assuming that the Motion is not procedurally defaulted and that the Court has jurisdiction to consider it, Claim 1 still fails on the merits. Movant argues he is entitled to resentencing because he is "actually innocent" of the crime. ECF No. [1-1 at 7]. He claims that his conviction in 2006 for possession with intent to sell cocaine and cannabis in violation of Fla. Stat. §§ 893.13(1)(A) does not qualify as "controlled substance offense" under U.S.S.G. § 4B1.1 because the Florida statute does not require the defendant to have a *mens rea* knowing the controlled substance is illicit. ECF No. [7] at 5-7. He also asserts that his 2005 conviction for battery on a law enforcement officer in violation of Fla. Stat. §§ 784.07(2)(b) and 784.03 and resisting arrest with violence in violation of Fla. Stat. § 843.01 cannot be regarded as "crime[s] of violence" after *Borden*. ECF No. [7] at 2-5.

To determine whether a state conviction qualifies as a crime of violence, courts employ the "categorical approach" examining only "the elements of the statute of conviction, not the specific conduct of a particular offender." *United States v. Davis*, 875 F.3d 592, 597 (11th Cir. 2017). The court is to assume that the conviction rested upon the "least of the acts criminalized" by the statute. *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013). The question is whether the "least of the acts criminalized" by the statute of conviction has an element requiring "purposeful or directed" conduct. *Moncrieffe*, 569 U.S. at 190; *Borden*, S. Ct. at 1822. Under the categorical approach, the Movant's previous convictions were properly categorized as a "crime of violence" and a "controlled substance offense." CR-ECF No. [283] ¶ 50.

Before proceeding on the merits, it is appropriate to resolve two additional issues that Movant raises. First, he claims he is innocent because, during his interaction with police in 2005 underlying the battery and resisting arrest convictions, the police "assaulted the Movant" and that "Movant did not deliberately nor intentionally with any specific targeted conduct resist anyone at

all . . . ." ECF No. [7] at 5. That argument is unavailing because under the categorical approach, the facts of the crime are not considered. *Davis*, 875 F.3d at 597.

Second, Movant claims that "[n]o *Shepard* documentation was ever used to legally verify the two predicates used to unconstitutionally enhance the Movant." ECF No. [7] at 5.[5] However, verification was unnecessary because the Court did not use the "modified" categorical approach. The modified categorical approach only applies when a criminal statute is divisible, meaning that it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). When using the modified categorical approach, the court is permitted to consult *Shepard* documents "to determine what crimes, with what elements, a defendant was convicted of" to assess whether a prior conviction counts as a crime of violence. *Id.* *Shepard* documentation includes the indictment and plea agreement, though a court may "rely on arrest reports if the defendant acknowledges his guilt and implicitly affirms the truth of his arrest report during a plea colloquy." *United States v. Diaz-Calderone*, 716 F.3d 1345, 1349-50 (11th Cir. 2013). There was therefore no reason for *Shepard* documentation to be examined because the statutes of conviction are not divisible in terms of the *mens rea* required to offend.

### a. Battery on Law Enforcement Officer Conviction

Movant was convicted in 2005 for battery on a law enforcement officer. Fla. Stat. §§ 784.03; 784.07(2)(B). Florida's battery statute states that a battery occurs when a person:

1.   Actually and intentionally touches or strikes another person against the will of the other; or

2.   Intentionally causes bodily harm to another person.

Fla. Stat. § 784.03. Battery on a law enforcement officer occurs "[w]henever any person is charged with <u>knowingly</u> committing an assault or battery upon a law enforcement officer . . . ."

---

[5] *Shepard v. United States*, 544 U.S. 13, 20 (2005).

Fla. Stat. § 784.07(2)(b). Battery on a law enforcement officer under § 784.07(c)(b) requires the same conduct as the felony of battery under § 784.03, with the added element the battery is directed against a law enforcement officer. *Mills v. State*, 822 So. 2d 1284, 1290 (Fla. 2002) (noting that § 784.07 is an enhancement and reclassification statute rather than a statute defining a new criminal offense).

Movant's battery conviction passes muster under *Borden* because purposeful conduct is required. "[I]ntentional conduct" is required to violate the Florida's simple battery statute. *United States v. Vail-Bailon*, 868 F.3d 1293, 1298 (11th Cir. 2017). Felony battery and simple battery are both crimes of general intent. *Lewis v. State*, 817 So. 2d 933, 934 (Fla. 4th DCA 2002). The battery statute's prohibition on an "intentional" touching or striking "covers situations where a defendant knows that a touch or strike is substantially certain to result from his acts." *C.B. v. State*, 810 So. 2d 1072, 1073 (Fla. 4th DCA 2002). Further, the Eleventh Circuit has held that § 784.03 "punishes only 'intentional[ ]' crimes, so *Borden* (which said that reckless crimes are not violent felonies) cannot help." *United States v. Lane*, No. 19-13197, 2023 WL 334400, at *3 (11th Cir. 2023).

Therefore, Movant's conviction under Fla. Stats. §§ 784.07(2)(B) and 784.03 for battery on a law enforcement officer is a crime of violence because the statute cannot be violated with a *mens rea* of mere recklessness.

### b. Resisting Officer With Violence Conviction

Turning to Movant's conviction for resisting officer with violence, the statutory text of § 843.01 shows the statute has the necessary *mens rea*. The statute provides: "Whoever knowingly and willfully resists, obstructs, or opposes any officer . . . by offering or doing violence to the person . . . is guilty of a felony of the third degree . . . ." Fla. Stat. § 843.01. The Supreme Court of Florida has held that resisting arrest with violence is a general intent crime that requires "a general

intent to 'knowingly and willfully' impede an officer in the performance of his or her duties." *Frey v. State*, 708 So. 2d 918 (Fla. 1998).

 *Borden*'s holding does not mean that a conviction under § 843.01 no longer constitutes a crime of violence. *Borden* held that the elements clause of the ACCA sets out a *mens rea* requirement "of purposeful or knowing conduct" but the Court did not use the term "specific intent." 141 S. Ct. at 1828. Resisting arrest with violence requires that the defendants' resistance or opposition be "knowing and willfully" and directed at an officer. *Frey*, 708 So. 2d at 920. The statute cannot be violated without directing action toward another. *See Somers v. United States*, No. SC21-1407, 2022 WL 16984702, *1, *3 (Fla. Jan. 17, 2023) (holding that Florida's aggravated assault statute cannot be violated without the defendant "direct[ing] his action at[] or target[ing] another individual.").

 Therefore, Movant's conviction under Fla. Stat. § 784.03 for resisting an officer with violence was properly designated a crime of violence because the statute cannot be violated with a *mens rea* of mere recklessness.

### c. Controlled Substance Offense Conviction

 Movant claims that his 2006 conviction for possession with intent to sell cocaine and cannabis does not qualify as a "controlled substance offense" because Fla. Stat. § 893.13(1)(A) does not require the defendant to have a *mens rea* knowing the controlled substance is illicit. ECF No. [1-1] at 7. This circuit's binding precedent is that a conviction under Fla. Stat. § 893.13(1)(a), possession of a controlled substance with intent, is a "controlled substance offense" for purposes of U.S.S.G. § 4B1.1, the career offender enhancement. *United States v. Smith*, 775 F.3d 1262, 1266 (11th Cir. 2014). The court is "bound to follow *Smith* unless and until it is overruled by the Supreme Court or th[e] [Eleventh Circuit] sitting en banc." *United States v. Gilmore*, 631 F. App'x 711, 714 (11th Cir. 2015) (citing *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir.

2008)). *Borden*'s holding that a predicate conviction must require more than recklessness to be a "violent felony" under the ACCA was not extended to "serious drug offense" under the ACCA or the guidelines' definition of a "controlled substance offense." 141 S. Ct. at 1825 (noting "[w]e must decide whether the elements clause's definition of 'violent felony' . . . includes offenses criminalizing reckless conduct.").

The Court denies Claim 1 insofar as it seeks relief against Movant's career offender classification based on his 2006 conviction for possession with intent as a controlled substance offense.

Ultimately, even if Movant had not procedurally defaulted his claim, and if he had stated a cognizable claim, his Motion fails on the merits.

## IV. EVIDENTIARY HEARING

In a habeas corpus proceeding, the burden is on the movant to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (alteration added); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). Here, the issues presented can be resolved based on the record before the Court. Indeed, because the Court can "adequately assess [Movant's] claim[s] without further factual development[,]" Movant is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003) (alterations added).

## V. CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal; rather, in order to do so, they must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556

U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if Movant makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where the district court rejects a movant's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court rejects a claim on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Movant fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Upon consideration of the record, the Court concludes that no certificate of appealability shall issue.

## VI. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Movant Damase Cameron's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, **ECF No. [1]**, is **DENIED**.

2. A certificate of appealability is **DENIED**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and Movant is not entitled to appeal *in forma pauperis*.

3. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

Case No. 22-cv-20940-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 10, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Damase Cameron
#05344-104
Coleman Medium
Federal Correctional Institution
Post Office Box 1032
Coleman, FL 33521
PRO SE